# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE.**   **2. PLEASE TYPE OR PRINT.**   **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Cadaret, Grant & Co., Inc. v. Great American Insurance Company | E.D.N.Y. | Hon. Ramón E. Reyes, Jr. |
| | **Date the Order or Judgment Appealed from was Entered on the Docket:** September 23, 2025 | **District Court Docket No.:** 2:21-cv-06665-RER-AYS |
| | **Date the Notice of Appeal was Filed:** October 21, 2025 | **Is this a Cross Appeal?** Yes ✓ No |

| **Attorney(s) for Appellant(s):** ✓ Plaintiff □ Defendant | Counsel's Name: Address: Telephone No.: Fax No.: E-mail: |
|---|---|
| | John N. Ellison; Reed Smith LLP 599 Lexington Avenue, 22nd Floor, New York, NY 10022; T: (212) 521-5400; F: (212) 521-5450; jellison@reedsmith.com |

| **Attorney(s) for Appellee(s):** □ Plaintiff ✓ Defendant | Counsel's Name: Address: Telephone No.: Fax No.: E-mail: |
|---|---|
| | Michael A. Graziano; Eckert Seamans Cherin & Mellott, LLC 1717 Pennsylvania Avenue, N.W., Suite 1200, Washington, DC, 20006; T: 202-659-6671; F: 202-659-6699; mgraziano@eckertseamans.com |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? Yes ✓ No |
|---|---|---|---|
| No | N/A | N/A | If Yes, provide the following: Case Name: 2d Cir. Docket No.: _____ Reporter Citation: (i.e., F.3d or Fed. App.) |

**ADDENDUM "A":** COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

**ADDENDUM "B":** COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| U.S. a party    ✓ Diversity | ✓ Final Decision    □ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b)) |
| Federal question (U.S. not a party)    Other (specify): _____ | Interlocutory Decision Appealable As of Right    Other (specify): _____ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

## PART B: DISTRICT COURT DISPOSITION   (Check as many as apply)

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | 3. Relief |
|---|---|---|

**1. Stage of Proceedings**

✓ Pre-trial
During trial
After trial

**2. Type of Judgment/Order Appealed**

Default judgment
− Dismissal/FRCP 12(b)(1)
  lack of subj. matter juris.
Dismissal/FRCP 12(b)(6)
  failure to state a claim
Dismissal/28 U.S.C. § 1915(e)(2)
  frivolous complaint
Dismissal/28 U.S.C. § 1915(e)(2)
  other dismissal

Dismissal/other jurisdiction
Dismissal/merit
Judgment / Decision of the Court
✓ Summary judgment
Declaratory judgment
Jury verdict
Judgment NOV
Directed verdict
Other (specify):

**3. Relief**

✓ Damages:
___ Sought: $ _____
   Granted: $ _____
   Denied: $ _____

Injunctions:
Preliminary
Permanent
Denied

## PART C: NATURE OF SUIT   (Check as many as apply)

**1. Federal Statutes**

Antitrust
Bankruptcy
Banks/Banking
Civil Rights
Commerce,
Energy
Commodities
Other (specify): _____

Communications
Consumer Protection
Copyright □ Patent
Trademark
Election
Soc. Security
Environmental

Freedom of Information Act
Immigration
Labor
OSHA
Securities
Tax

**2. Torts**

Admiralty/
Maritime
Assault /
Defamation
FELA
Products Liability
Other (Specify):

**3. Contracts**

Admiralty/
Maritime
Arbitration
Commercial
Employment
✓ Insurance
Negotiable
Instruments
Other Specify

**4. Prisoner Petitions**

Civil Rights
Habeas Corpus
Mandamus
Parole
Vacate Sentence
Other

**5. Other**

− Forfeiture/Penalty
| Real Property
| Treaty (specify): _____
| Other (specify): _____

**6. General**

Arbitration
Attorney Disqualification
Class Action
Counsel Fees
Shareholder Derivative
Transfer

**7. Will appeal raise constitutional issue(s)?**

Yes        ✓ No

Will appeal raise a matter of first impression?

Yes        ✓ No

---

1. Is any matter relative to this appeal still pending below?    Yes, specify: _____    ✓ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A)    Arises from substantially the same case or controversy as this appeal?        Yes    ✓ No

   (B)    Involves an issue that is substantially similar or related to an issue in this appeal?        Yes    ✓ No

If yes, state whether    "A," or    "B," or    both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|

Name of Appellant:

---

| Date: 11/4/2025 | Signature of Counsel of Record: /s/ John N. Ellison |
|---|---|

# NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE:  IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**CIVIL PRE-ARGUMENT STATEMENT (FORM C)**

**ADDENDUM A**

**Description of the Nature of the Case**

This is an insurance coverage dispute arising under the financial institution bond (the "Bond") purchased by Appellant/Plaintiff Cadaret, Grant & Co., Inc. ("Cadaret") against its insurance company, Appellee/Defendant Great American Insurance Company ("GAIC"), for GAIC's breach of its contractual obligation to indemnify Cadaret for the principle risk covered by the Bond it sold to Cadaret: loss resulting from a registered representative's theft of client funds for his own personal benefit for which Cadaret was ultimately held responsible.

In compliance with obligations imposed by its industry's governing regulating body, the Financial Industry Regulatory Authority ("FINRA"), Cadaret purchased the Bond, under which GAIC promised to indemnify Cadaret for Loss "resulting directly from dishonest or fraudulent acts" committed by its registered representatives "with the manifest intent" to cause Cadaret to sustain such loss and to obtain an improper financial benefit for themselves. Despite such promise, however, GAIC has refused to pay Cadaret for the significant loss it sustained in reimbursing clients for funds stolen by one of its former registered representatives for his own improper financial benefit during the course of a fraudulent scheme perpetrated against Cadaret's clients, and for which the former registered representative plead guilty to multiple criminal offenses

Cadaret's loss is covered under the terms of the Bond. It is sufficiently "direct" as the undisputed evidence demonstrates that Pagartanis' conduct proximately caused Cadaret's loss. The loss is also "direct" because the stolen client funds qualify as covered property under the Bond. The undisputed evidence also shows that Pagartanis acted with the requisite "manifest intent." The record shows that Pagartanis was substantially certain that Cadaret would bear the loss, thus satisfying the Bond's requirement that he act with the manifest intent to cause Cadaret to sustain

the loss. It is also undisputed that Pagartanis used stolen client funds for his own personal financial benefit, clearly satisfying the second prong of intent under the Bond.

Moreover, the evidence demonstrates that Cadaret discovered the loss during the Bond period. Finally, no exclusions apply to bar coverage, including Exclusion 2(t), because the Bond provides coverage for Cadaret's losses relating to the stolen client funds regardless of any legal liability.

## Result Below

The District Court granted Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56. The Court held that "Cadaret's third-party losses are not a 'direct loss' covered by the Bond." The Court also held that the client funds stolen by Pagartanis did not constitute "covered property" under section 11(c) of the Bond. The District Court further held that exclusion section 2(t), which excludes coverage for "damages of any type for which the Insured is legally liable, unless the Insured establishes that the act or acts which gave rise to the damages involved conduct which would have caused a covered loss to the Insured in a similar amount in the absence of such damages," excluded Cadaret's losses at issue.

## Notice of Appeal and Court Docket Sheet

Plaintiff has attached a copy of the Notice of Appeal dated October 21, 2025 and a copy of the District Court's Docket Sheet as Exhibits A and B, respectively.

## September 23, 2025 Memorandum & Order and Judgment

A copy of the District Court's Memorandum & Order and Judgment, both dated September 23, 2025, are attached hereto as Exhibits C and D, respectively.

**ADDENDUM B**

**LIST OF ISSUES TO BE RAISED ON APPEAL AND
APPLICABLE STANDARDS OF REVIEW**

Issue #1: Whether the District Court erred in concluding as a matter of law that Cadaret's losses due to stolen client funds by a former registered representative are not a "direct loss" covered by the Bond.

Standard of Review: The Second Circuit reviews *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Ibela v. Allied Universal*, No. 21-1995-cv, 2022 WL 1418886 (2d Cir. 2022) (*quoting Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2nd Cir. 2002); see also *Spagnola v. Chubb Corp.*, 574 F.3d 64, 67 (2d Cir. 2009) (reversing dismissal of plaintiff's breach of contract claim).

Issue #2: Whether the District Court erred in concluding as a matter of law that the client funds stolen by Cadaret's former registered representative did not constitute "covered property" under section 11(c) of the Bond.

Standard of Review: The Second Circuit reviews *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Ibela v. Allied Universal*, No. 21-1995-cv, 2022 WL 1418886 (2d Cir. 2022) (*quoting Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2nd Cir. 2002); see also *Spagnola v. Chubb Corp.*, 574 F.3d 64, 67 (2d Cir. 2009) (reversing dismissal of plaintiff's breach of contract claim).

Issue #3: Whether the District Court erred in concluding as a matter of law that exclusion section 2(t) of the Bond bars coverage for Cadaret's losses.

Standard of Review: The Second Circuit reviews *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Ibela v. Allied Universal*, No. 21-1995-cv, 2022 WL 1418886 (2d Cir. 2022) (*quoting Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2nd Cir. 2002); see also *Spagnola v. Chubb Corp.*, 574 F.3d 64, 67 (2d Cir. 2009) (reversing dismissal of plaintiff's breach of contract claim).

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| CADARET, GRANT & CO., INC., | : | |
| | : | No.: 2:21-cv-06665-RER-AYS |
| Plaintiff, | : | |
| | : | |
| v. | : | **NOTICE OF APPEAL** |
| | : | |
| GREAT AMERICAN INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

PLEASE TAKE NOTICE that Plaintiff Cadaret, Grant & Co., Inc., by and through counsel, hereby appeals to the United States Court of Appeals for the Second Circuit from the Order (ECF No. 59) and the Judgment (ECF No. 60) entered on September 23, 2025.

Respectfully submitted,

REED SMITH LLP

Date: October 21, 2025

_____/s/John N. Ellison_____
John N. Ellison, Esq.
599 Lexington Avenue, 22nd Floor
New York, NY 10022
T: (212) 521-5400
jellison@reedsmith.com

Esther Y. Kim, Esq.
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
T: (215) 851-8100
esther.kim@reedsmith.com

*Counsel for Plaintiff,*
*Cadaret, Grant & Co., Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I caused to be filed a true and correct copy of the foregoing using this Court's ECF System, which will send notice of such filing on all counsel of record.


Date:  October 21, 2025                                    _____*/s/John N. Ellison*_____

# EXHIBIT B

**Query**    **Reports**    **Utilities**    **Help**    **Log Out**

APPEAL,ACO

# U.S. District Court
## Eastern District of New York (Central Islip)
## CIVIL DOCKET FOR CASE #: 2:21-cv-06665-RER-AYS

| | |
|---|---|
| Cadaret, Grant & Co., Inc. v. Great American Insurance Company | Date Filed: 12/01/2021 |
| Assigned to: District Judge Ramon E. Reyes, Jr | Date Terminated: 09/23/2025 |
| Referred to: Magistrate Judge Anne Y. Shields | Jury Demand: Plaintiff |
| Cause: 28:1332 Diversity-Insurance Contract | Nature of Suit: 110 Insurance |
| | Jurisdiction: Diversity |

**Plaintiff**

| | | |
|---|---|---|
| **Cadaret, Grant & Co., Inc.** | represented by | **John N Ellison**<br>Reed Smith LLP<br>599 Lexington Avenue<br>22nd Floor<br>New York, NY 10022<br>212-521-5400<br>Fax: 212-521-5450<br>Email: jellison@reedsmith.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Esther Kim**<br>Reed Smith LLP<br>Three Logan Square<br>1717 Arch Street<br>Ste 3100<br>Philadelphia, PA 19103<br>215-851-8100<br>Email: esther.kim@reedsmith.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Miranda Jannuzzi**<br>2860 Dogwood Ln<br>Broomall, PA 19003<br>570-690-7162<br>Email: mjannuzzi@reedsmith.com<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br><br>**Richard P. Lewis , Jr**<br>Reed Smith LLP<br>599 Lexington Avenue<br>Ste 26th Floor<br>New York, NY 10022<br>212-205-6063<br>Fax: 212-521-5450 |

Email: rlewis@reedsmith.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **Great American Insurance Company** | represented by | **Michael A. Graziano** |

Eckert Seamans Cherin & Mellott, LLC
1717 Pennsylvania Ave, Nw
12th Floor
Washington, DC 20006
202-659-6671
Fax: 202-659-6699
Email: mgraziano@eckertseamans.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Riyaz Gulam Bhimani**
Eckert Seamans Cherin and Mellott LLC
10 Bank Street
White Plains, NY 10606
914-949-2909
Email: rbhimani@eckertseamans.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Corey Dov Zoldan**
Eckert Seamans Cherin and Mellott LLC
1717 Pennsylvania Avenue NW
Suite 1200
Washington DC, DC 20006
202-659-6674
Fax: 202-659-6699
Email: czoldan@eckertseamans.com
*TERMINATED: 07/01/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah James**
Eckert Seamans Cherin & Mellott LLC
1717 Pennsylvania Avenue, NW
Ste 12th Floor
Washington, DC 20006
202-659-6609
Email: sjames@eckertseamans.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/01/2021 | 1 | COMPLAINT against Great American Insurance Company filing fee $ 402, receipt number ANYEDC-15073814 Was the Disclosure Statement on Civil Cover Sheet |

| | | |
|---|---|---|
| | | completed -Yes,, filed by Cadaret, Grant & Co., Inc.. (Attachments: # 1 Civil Cover Sheet, # 2 Proposed Summons, # 3 Exhibit A - Bond, # 4 Exhibit B - Claims, # 5 Exhibit C - Indictment, # 6 Exhibit D - SEC Complaint, # 7 Exhibit E - Final Judgment) (Ellison, John) (Entered: 12/01/2021) |
| 12/01/2021 | 2 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made. (Landow, Concetta) (Entered: 12/01/2021) |
| 12/01/2021 | | Case Assigned to Judge Gary R. Brown and Magistrate Judge Anne Y. Shields. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Landow, Concetta) (Entered: 12/01/2021) |
| 12/01/2021 | 3 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all** parties wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences**. **Do NOT return or file the consent** underline unless **all parties have signed the consent.** (Landow, Concetta) (Entered: 12/01/2021) |
| 12/01/2021 | 4 | Notice of Related Case: **The Civil Cover Sheet filed in this civil action indicates a related case. 18-CV-3150(RRM)(AKT)** (Landow, Concetta) (Entered: 12/01/2021) |
| 12/01/2021 | 5 | Summons Issued as to Great American Insurance Company. (Landow, Concetta) (Entered: 12/01/2021) |
| 12/14/2021 | 6 | WAIVER OF SERVICE Returned Executed by Cadaret, Grant & Co., Inc.. Great American Insurance Company waiver sent on 12/13/2021, answer due 2/11/2022. (Ellison, John) (Entered: 12/14/2021) |
| 12/14/2021 | 7 | NOTICE of Appearance by Riyaz Gulam Bhimani on behalf of Great American Insurance Company (aty to be noticed) (Bhimani, Riyaz) (Entered: 12/14/2021) |
| 12/20/2021 | 8 | MOTION to Appear Pro Hac Vice *by Michael A. Graziano* Filing fee $ 150, receipt number ANYEDC-15130340. by Great American Insurance Company. (Attachments: # 1 Proposed Order) (Graziano, Michael) (Entered: 12/20/2021) |
| 12/20/2021 | | ORDER granting 8 Motion for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance and ensure that he receives electronic notification of activity in this case. So Ordered by Magistrate Judge Anne Y. Shields on 12/20/2021. (Mucciaccio, Dina) (Entered: 12/20/2021) |
| 12/21/2021 | 9 | NOTICE of Appearance by Michael A. Graziano on behalf of Great American Insurance Company (notification declined or already on case) (Graziano, Michael) (Entered: 12/21/2021) |
| 01/21/2022 | 10 | ORDER: Initial Conference set for 5/9/2022 at 11:30 AM before Magistrate Judge Anne Y. Shields.The parties are directed to call the ATTteleconferencing center at (877) 810-9415 and to enter Access Code9005911 when prompted. See order and attachments. So Ordered by Magistrate Judge Anne Y. Shields on 1/21/2022. (Attachments: # 1 AYS Rules, # 2 Joint Letter Requirements) (Torres, Jasmine) (Entered: 01/21/2022) |

| | | |
|---|---|---|
| 02/11/2022 | 11 | ANSWER to 1 Complaint, by Great American Insurance Company. (Graziano, Michael) (Entered: 02/11/2022) |
| 02/11/2022 | 12 | Corporate Disclosure Statement by Great American Insurance Company identifying Corporate Parent American Financial Group, Inc. for Great American Insurance Company. (Graziano, Michael) (Entered: 02/11/2022) |
| 02/28/2022 | 13 | MOTION to Adjourn Conference by Cadaret, Grant & Co., Inc.. (Ellison, John) (Entered: 02/28/2022) |
| 03/01/2022 | | ORDER granting 13 Motion to Adjourn Conference. Upon counsel's request the telephonic initial conference scheduled for May 9, 2022 is **ADJOURNED** to May 16, 2022 at 1:30 PM. Counsel are reminded that the joint initial letter and proposed discovery worksheet are to be filed by May 12, 2022. So Ordered by Magistrate Judge Anne Y. Shields on 3/1/2022. (Mucciaccio, Dina) (Entered: 03/01/2022) |
| 05/12/2022 | 14 | Letter *(Joint) to Hon. Anne Shields Regarding Initial Conference and Discovery Worksheet* by Cadaret, Grant & Co., Inc. (Attachments: # 1 Discovery Plan Worksheet) (Ellison, John) (Entered: 05/12/2022) |
| 05/13/2022 | | SCHEDULING ORDER: In light of the filing of the initial letter, the initial conference scheduled for May 16, 2022 is **CANCELED**. Counsel are directed to complete the voluntary document production set forth in paragraph 7 of the parties joint letter by July 15, 2022. On August 15, 2022, counsel are directed to submit a joint status letter stating with particularity, the precise discovery necessary and dates for completion thereof, for this matter to be trial or dispositive motion practice ready. A telephone status conference has been scheduled for August 22, 2022 at 11:30 AM. Counsel are directed to call the AT&T Teleconference Center at (877) 810-9415 at the time of the conference and enter Access Code 9005911 when prompted. So Ordered by Magistrate Judge Anne Y. Shields on 5/13/2022. (Mucciaccio, Dina) (Entered: 05/13/2022) |
| 06/03/2022 | 15 | STIPULATION *and Order Regarding Confidential Information* by Cadaret, Grant & Co., Inc. (Ellison, John) (Entered: 06/03/2022) |
| 06/06/2022 | | SCHEDULING ORDER: The Stipulation regaridng confidential information found at docket entry No. 15 is hereby SO ORDERED. So Ordered by Magistrate Judge Anne Y. Shields on 6/6/2022. (Mucciaccio, Dina) (Entered: 06/06/2022) |
| 06/27/2022 | 16 | Notice of MOTION to Appear Pro Hac Vice *for Corey D. Zoldan* Filing fee $ 150, receipt number BNYEDC-15692983. by Great American Insurance Company. (Zoldan, Corey) (Entered: 06/27/2022) |
| 06/27/2022 | | ORDER granting 16 Motion for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. So Ordered by Magistrate Judge Anne Y. Shields on 6/27/2022. (Mucciaccio, Dina) (Entered: 06/27/2022) |
| 08/15/2022 | 17 | Letter *Joint Status Letter* by Cadaret, Grant & Co., Inc. (Ellison, John) (Entered: 08/15/2022) |
| 08/15/2022 | | SCHEDULING ORDER: In light of counsels' joint letter representing that discovery is progressing, counsels' joint proposed discovery scheduled is hereby ADOPTED. Fact discovery shall be completed by May 15, 2023. Expert discovery shall be completed by August 15, 2023. Any party seeking to make a dispositive motion shall initiate that process, consistent with Judge Brown's Individual Rules, on or before September 14, 2023. The joint proposed pre-trial order shall be filed by October 13, 2023. Counsel for the |

| | | |
|---|---|---|
| | | parties are directed to submit a joint status letter on April 4, 2023. So Ordered by Magistrate Judge Anne Y. Shields on 8/15/2022. (Mucciaccio, Dina) (Entered: 08/15/2022) |
| 08/22/2022 | | SCHEDULING ORDER: In light of counsels' representation that discovery is progressing, the telephone conference scheduled for August 22, 2022 is CANCELED. So Ordered by Magistrate Judge Anne Y. Shields on 8/22/2022. (Mucciaccio, Dina) (Entered: 08/22/2022) |
| 08/22/2022 | 18 | NOTICE of Appearance by Richard P. Lewis, Jr on behalf of Cadaret, Grant & Co., Inc. (aty to be noticed) (Lewis, Richard) (Entered: 08/22/2022) |
| 09/21/2022 | 19 | MOTION to Appear Pro Hac Vice *of Miranda Jannuzzi* Filing fee $ 150, receipt number ANYEDC-15960297. by Cadaret, Grant & Co., Inc.. (Attachments: # 1 Declaration, # 2 Exhibit 1 - Certificates of Good Standing, # 3 Proposed Order) (Jannuzzi, Miranda) (Entered: 09/21/2022) |
| 09/21/2022 | | ORDER granting 19 Motion for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance and ensure that she receives electronic notification of activity in this case. So Ordered by Magistrate Judge Anne Y. Shields on 9/21/2022. (Mucciaccio, Dina) (Entered: 09/21/2022) |
| 09/21/2022 | 20 | NOTICE of Appearance by Miranda Jannuzzi on behalf of Cadaret, Grant & Co., Inc. (notification declined or already on case) (Jannuzzi, Miranda) (Entered: 09/21/2022) |
| 02/27/2023 | 21 | MOTION for Protective Order *Stipulation and Order Regarding Confidential Information Produced by Non-Parties* by Great American Insurance Company. (Graziano, Michael) (Entered: 02/27/2023) |
| 02/28/2023 | | ORDER granting 21 Motion for Protective Order. The stipulation regarding confidential information produced by non-parties found at docket entry No. 21 is hereby SO ORDERED. So Ordered by Magistrate Judge Anne Y. Shields on 2/28/2023. (DM) (Entered: 02/28/2023) |
| 04/04/2023 | 22 | STATUS REPORT *Joint Status Letter* by Cadaret, Grant & Co., Inc. (Ellison, John) (Entered: 04/04/2023) |
| 04/05/2023 | | SCHEDULING ORDER: In light of counsels' joint letter representing that discovery is progressing, counsels' joint proposed amended discovery scheduled is hereby ADOPTED. Fact discovery shall be completed by July 14, 2023. Expert discovery shall be completed by October 13, 2023. Any party seeking to make a dispositive motion shall initiate that process, consistent with Judge Brown's Individual Rules, on or before November 17, 2023. The joint proposed pre-trial order shall be filed by December 15, 2023, or, in the event that a dispositive motion is made, 30 days after a decision on the motion is rendered. So Ordered by Magistrate Judge Anne Y. Shields on 4/5/2023. (DM) (Entered: 04/05/2023) |
| 05/17/2023 | 23 | NOTICE of Appearance by Esther Kim on behalf of Cadaret, Grant & Co., Inc. (aty to be noticed) (Kim, Esther) (Entered: 05/17/2023) |
| 06/01/2023 | 24 | Joint MOTION for Extension of Time to Complete Discovery by Cadaret, Grant & Co., Inc.. (Attachments: # 1 Proposed Order) (Ellison, John) (Entered: 06/01/2023) |
| 06/02/2023 | | ORDER denying 24 Motion for Extension of Time to Complete Discovery. Counsels' application for an extension of the discovery deadlines is denied without prejudice to renewal until a decision on the anticipated discovery motions is rendered. So Ordered by Magistrate Judge Anne Y. Shields on 6/2/2023. (DM) (Entered: 06/02/2023) |
| 06/06/2023 | 25 | Letter *Joint Letter on Discovery Issues* by Cadaret, Grant & Co., Inc. (Attachments: # 1 Exhibit A - Discovery Letter re Cadaret's RFP, # 2 Exhibit B - GAIC's Privilege Log In |

| | | |
|---|---|---|
| | | Connection with Its First Document Production) (Ellison, John) Modified on 7/25/2023 (JT). (Entered: 06/06/2023) |
| 06/12/2023 | 26 | Joint MOTION for Extension of Time to Complete Discovery by Cadaret, Grant & Co., Inc.. (Attachments: # 1 Proposed Order) (Ellison, John) (Entered: 06/12/2023) |
| 06/12/2023 | | ORDER granting 26 Motion for Extension of Time to Complete Discovery. Counsels' joint proposed amended discovery scheduled is hereby ADOPTED. Fact discovery shall be completed by August 18, 2023. Expert discovery shall be completed by November 17, 2023. Any party seeking to make a dispositive motion shall initiate that process, consistent with Judge Brown's Individual Rules, on or before December 22, 2023. The joint proposed pre-trial order shall be filed in accord with Judge Brown's Individual Rules. So Ordered by Magistrate Judge Anne Y. Shields on 6/12/2023. (DM) (Entered: 06/12/2023) |
| 06/13/2023 | | ORDER re 25 : Upon review of the parties' letter regarding their ongoing discovery disputes the following rulings are now in effect. With regard to the first dispute involving documents that Defendant is withholding on the basis of attorney-client privilege and/or the work product doctrine, by June 20, 2023, Defendant is directed to email copies of the documents and the privilege log to shields_chambers@nyed.uscourts.gov. By June 20, 2023, Defendant is also directed to provide courtesy copies of the emailed documents to chambers. With regard to the second dispute, Plaintiff is directed to tailor its request for documents that explain the "scope, application, or meaning" of provisions and exclusions relied on for the claim denial. Plaintiff is directed to tailor the request in both time and scope, such as seeking documents only relating to similar claims. Counsel shall work together to properly tailor the request. After the request is tailored, counsel are directed to confer regarding appropriate search terms. So Ordered by Magistrate Judge Anne Y. Shields on 6/13/2023. (DM) (Entered: 06/13/2023) |
| 06/30/2023 | 27 | MOTION to Withdraw as Attorney by Great American Insurance Company. (Zoldan, Corey) (Entered: 06/30/2023) |
| 07/01/2023 | | ORDER granting 27 Motion to Withdraw as Attorney. Attorney Corey Dov Zoldan terminated. So Ordered by Magistrate Judge Anne Y. Shields on 7/1/2023. (DM) (Entered: 07/01/2023) |
| 07/20/2023 | 28 | Letter MOTION for Extension of Time to Complete Discovery by Cadaret, Grant & Co., Inc.. (Attachments: # 1 Exhibit A - Proposed Revised Scheduling Order) (Ellison, John) (Entered: 07/20/2023) |
| 07/21/2023 | | ORDER granting 28 Motion for Extension of Time to Complete Discovery. Upon counsels' request the discovery schedule is EXTENDED as follows. Fact discovery shall be completed by September 18, 2023. Expert discovery shall be completed by December 18, 2023. Any party seeking to make a dispositive motion shall initiate that process, consistent with Judge Brown's Individual Rules, on or before January 22, 2024. The joint proposed pre-trial order shall be filed by February 19, 2024, or, in the event that a dispositive motion is made, 30 days after a decision on the motion is rendered. So Ordered by Magistrate Judge Anne Y. Shields on 7/21/2023. (DM) (Entered: 07/21/2023) |
| 07/25/2023 | 29 | ORDER granting 25 Motion to Compel. For the reasons set forth in the attached Order, the motion to compel is granted with respect to all documents except the letter bearing GAIC Bates Nos. 002956-002972, which document is covered by the attorney-client privilege. With the exception of this document, all documents withheld on claims of attorney-client privilege and/or the work product doctrine must be produced. So Ordered by Magistrate Judge Anne Y. Shields on 7/25/2023. (Attachments: # 1 Privilege Log) (DM) (Entered: 07/25/2023) |

| | | |
|---|---|---|
| 08/17/2023 | 30 | NOTICE by Cadaret, Grant & Co., Inc. *of Subpoena to Take Deposition of Non-Party* (Ellison, John) (Entered: 08/17/2023) |
| 08/25/2023 | 31 | AFFIDAVIT/AFFIRMATION re 30 Notice(Other) *of Subpoena to Testify at a Deposition in a Civil Action* by Cadaret, Grant & Co., Inc. (Ellison, John) (Entered: 08/25/2023) |
| 09/07/2023 | 32 | MOTION to Appear Pro Hac Vice Filing fee $ 150, receipt number ANYEDC-17061540 by Great American Insurance Company. (Attachments: # 1 Affidavit, # 2 Admission Information, # 3 Admission Information, # 4 Admission Information, # 5 Admission Information) (James, Sarah) (Entered: 09/07/2023) |
| 09/08/2023 | | ORDER granting 32 Motion for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance and ensure that she receives electronic notification of activity in this case. So Ordered by Magistrate Judge Anne Y. Shields on 9/8/2023. (DM) (Entered: 09/08/2023) |
| 09/11/2023 | 33 | NOTICE of Appearance by Sarah James on behalf of Great American Insurance Company (notification declined or already on case) (James, Sarah) (Entered: 09/11/2023) |
| 01/11/2024 | | Case Reassigned to District Judge Ramon E. Reyes, Jr. Judge Gary R. Brown no longer assigned to the case. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (AM) (Entered: 01/11/2024) |
| 01/22/2024 | 34 | MOTION for Leave to Electronically File Document under Seal *, Great American's Letter Requesting Pre-Motion Conference on Summary Judgment and Local Civil Rule 56.1 Statement* by Great American Insurance Company. (Attachments: # 1 Letter Request Pre-Motion Conference on Summary Judgment, # 2 Local Civil Rule 56.1 Statement) (Graziano, Michael) (Entered: 01/22/2024) |
| 01/22/2024 | 35 | Letter MOTION for pre motion conference by Cadaret, Grant & Co., Inc.. (Attachments: # 1 Rule 56.1 Statement [PUBLIC COPY - Redacted], # 2 Exhibit A - Relevant Pages of D. Taylor Deposition Transcript, # 3 Exhibit B - Bond (Bates Stamped), # 4 Exhibit C - Relevant Pages of Form U4, # 5 Exhibit D - Relevant Pages of J. Szary Deposition Transcript, # 6 Exhibit E - Relevant Pages of S. Cohen Deposition Transcript [PUBLIC COPY - Redacted], # 7 Exhibit F - Guilty Plea Transcript (SC Ex. 43), # 8 Exhibit G - Pagartanis Indictment (Bates Stamped), # 9 Exhibit H - Sentencing Memorandum, # 10 Exhibit I - Cadaret Answer to Rothschild SOC [SEAL], # 11 Exhibit J - Susino Demand Letters [SEAL], # 12 Exhibit K - Relevant Pages of D. Jaynes Deposition Transcript, # 13 Exhibit L - Complaint Ex. B (List of Client Claims), # 14 Exhibit M - Rothschild Amended SOC [SEAL], # 15 Exhibit N - Dragone Gentzel Demand Letter [SEAL], # 16 Exhibit O - Maggio Demand Letter [SEAL], # 17 Exhibit P - Freedman SOC [SEAL], # 18 Exhibit Q - Lodato SOC [SEAL], # 19 Exhibit R - Melchionna SOC [SEAL], # 20 Exhibit S - Rothschild Letter with Settlement Check [SEAL], # 21 Exhibit T - Susino Letter with Settlement Check [SEAL], # 22 Exhibit U - Dragone Letter with Settlement Check [SEAL], # 23 Exhibit V - Zagaro Letter with Settlement Check [SEAL], # 24 Exhibit W - Gucwa Letter with Settlement Check [SEAL], # 25 Exhibit X - Maggio Letter with Settlement Check [SEAL], # 26 Exhibit Y - Freedman Letter with Settlement Check [SEAL], # 27 Exhibit Z - Lodato Letter with Settlement Check [SEAL], # 28 Exhibit AA - Melchionna Letter with Settlement Check [SEAL], # 29 Exhibit BB - April 18, 2018 Notice of Claim, # 30 Exhibit CC - March 7, 2018 Subpoena (Dragone), # 31 Exhibit DD - March 27 2018 Subpoena (Zagaro), # 32 Exhibit EE - First Proof of Loss [SEAL], # 33 Exhibit FF - Second Proof of Loss [SEAL], # 34 Exhibit GG - Third Proof of Loss [SEAL], # 35 Exhibit HH - Fourth Proof of Loss [SEAL]) (Ellison, John) (Entered: 01/22/2024) |

| 01/22/2024 | 36 | Letter MOTION for Leave to Electronically File Document under Seal *Unopposed* by Cadaret, Grant & Co., Inc.. (Attachments: # 1 Rule 56.1 Statement, # 2 Exhibit E - Relevant Pages of S. Cohen Deposition Transcript [SEAL], # 3 Exhibit I - Cadaret Answer to Rothschild SOC [SEAL], # 4 Exhibit J - Susino Demand Letters [SEAL], # 5 Exhibit M - Rothschild Amended SOC [SEAL], # 6 Exhibit N - Dragone Gentzel Demand Letter [SEAL], # 7 Exhibit O - Maggio Demand Letter [SEAL], # 8 Exhibit P - Freedman SOC [SEAL], # 9 Exhibit Q - Lodato SOC [SEAL], # 10 Exhibit R - Melchionna SOC [SEAL], # 11 Exhibit S - Rothschild Letter with Settlement Check [SEAL], # 12 Exhibit T - Susino Letter with Settlement Check [SEAL], # 13 Exhibit U - Dragone Letter with Settlement Check [SEAL], # 14 Exhibit V - Zagaro Letter with Settlement Check [SEAL], # 15 Exhibit W - Gucwa Letter with Settlement Check [SEAL], # 16 Exhibit X - Maggio Letter with Settlement Check [SEAL], # 17 Exhibit Y - Freedman Letter with Settlement Check [SEAL], # 18 Exhibit Z - Lodato Letter with Settlement Check [SEAL], # 19 Exhibit AA - Melchionna Letter with Settlement Check [SEAL], # 20 Exhibit EE - First Proof of Loss [SEAL], # 21 Exhibit FF - Second Proof of Loss [SEAL], # 22 Exhibit GG - Third Proof of Loss [SEAL], # 23 Exhibit HH - Fourth Proof of Loss [SEAL]) (Ellison, John) (Entered: 01/22/2024) |
| 01/23/2024 | | ORDER granting 34 Motion for Leave to Electronically File Document under Seal Counsel is directed to file the original document under seal as a separate entry. Instructions on filing sealed documents on ECF are located at www.nyed.uscourts.gov. Ordered by District Judge Ramon E. Reyes, Jr on 1/23/2024. (MV) (Entered: 01/23/2024) |
| 01/23/2024 | | ORDER granting 36 Motion for Leave to Electronically File Document under Seal Counsel is directed to file the original document under seal as a separate entry. Instructions on filing sealed documents on ECF are located at www.nyed.uscourts.gov. Ordered by District Judge Ramon E. Reyes, Jr on 1/23/2024. (MCV) (Entered: 01/23/2024) |
| 01/23/2024 | | ORDER granting 35 Motion for Pre Motion Conference; Video Conference set for 2/21/2024 at 12:00 PM before District Judge Ramon E. Reyes, Jr. The attorneys are directed to appear via video using the ZOOMgov invitation link sent to the email addresses listed on the docket and all other participates may join by phone using the Toll number: dial in 1 646 828 7666 US (New York), Meeting ID: 160 3343 2842, Passcode: 297706. Ordered by District Judge Ramon E. Reyes, Jr on 1/23/2024. (MV) (Entered: 01/23/2024) |
| 01/23/2024 | 37 | RULE 56.1 STATEMENT filed by Cadaret, Grant & Co., Inc.. (Attachments: # 1 Exhibit E - Relevant Pages of S. Cohen Deposition Transcript [SEAL], # 2 Exhibit I - Cadaret Answer to Rothschild SOC [SEAL], # 3 Exhibit J - Susino Demand Letters [SEAL], # 4 Exhibit M - Rothschild Amended SOC [SEAL], # 5 Exhibit N - Dragone Gentzel Demand Letterm [SEAL], # 6 Exhibit O - Maggio Demand Letter [SEAL], # 7 Exhibit P - Freedman SOC [SEAL], # 8 Exhibit Q - Lodato SOC [SEAL], # 9 Exhibit R - Melchionna SOC [SEAL], # 10 Exhibit S - Rothschild Letter with Settlement Check [SEAL], # 11 Exhibit T - Susino Letter with Settlement Check [SEAL], # 12 Exhibit U - Dragone Letter with Settlement Check [SEAL], # 13 Exhibit V - Zagaro Letter with Settlement Check [SEAL], # 14 Exhibit W - Gucwa Letter with Settlement Check [SEAL], # 15 Exhibit X - Maggio Letter with Settlement Check [SEAL], # 16 Exhibit Y - Freedman Letter with Settlement Check [SEAL], # 17 Exhibit Z - Lodato Letter with Settlement Check [SEAL], # 18 Exhibit AA - Melchionna Letter with Settlement Check [SEAL], # 19 Exhibit EE - First Proof of Loss [SEAL], # 20 Exhibit FF - Second Proof of Loss [SEAL], # 21 Exhibit GG - Third Proof of Loss [SEAL], # 22 Exhibit HH - Fourth Proof of Loss [SEAL]) (Ellison, John) (Entered: 01/23/2024) |
| 01/23/2024 | 38 | MOTION for pre motion conference re Order on Motion for Leave to Electronically File Document under Seal, by Great American Insurance Company. (Attachments: # 1 Local Civil Rule 56.1 Statement) (Graziano, Michael) (Entered: 01/23/2024) |

| 01/24/2024 | | ORDER granting 38 Motion for Premotion Conference. Will be discussed at the Video Conference set for 2/21/2024 at 12:00 PM before District Judge Ramon E. Reyes, Jr. All details are in the Court's Order dated 1/23/2024. Ordered by District Judge Ramon E. Reyes, Jr. on 1/24/2024. (AH) (Entered: 01/24/2024) |
|---|---|---|
| 01/29/2024 | 39 | MOTION for pre motion conference *Opposition to GAIC's Pre-Motion Conference Letter* by Cadaret, Grant & Co., Inc.. (Attachments: # 1 Rule 56.1 Statement Cadaret Response to GAIC's Statement of Facts - Conditionally Filed Under Seal) (Ellison, John) (Entered: 01/29/2024) |
| 01/29/2024 | 40 | Unopposed Letter MOTION for Leave to Electronically File Document under Seal by Cadaret, Grant & Co., Inc.. (Attachments: # 1 Rule 56.1 Statement Cadaret Response to GAIC's Local Rule 56.1 Statement, # 2 Exhibit 1 - 2020.05.22 Letter enclosing Fourth Interim Proof of Loss, # 3 Exhibit 2 - Relevant Pages of J. Anderson Deposition Transcript, # 4 Exhibit 3 - Relevant Pages of D. Jaynes Deposition Transcript, # 5 Exhibit 4 - Relevant Pages of D. Taylor Deposition Transcript, # 6 Exhibit 5 - Relevant Pages of S. Cohen Deposition Transcript, # 7 Exhibit 6 - Pagartanis Abramovich Answer, # 8 Exhibit 7 - Letter to Pagartanis in RR File, # 9 Exhibit 8 - Relevant Pages of J. Szary Deposition Transcript) (Ellison, John) Modified on 1/30/2024 to include the word Unopposed (JVC). (Entered: 01/29/2024) |
| 01/29/2024 | 41 | Letter MOTION for Leave to Electronically File Document under Seal *Unopposed* by Great American Insurance Company. (Attachments: # 1 Letter in Response to Cadaret's Letter Requesting Pre-Motion Conference on Summary Judgment, # 2 Response to Cadaret's Local Civil Rule 56.1 Statement) (Graziano, Michael) (Entered: 01/29/2024) |
| 01/30/2024 | | ORDER granting 39 Motion for Pre Motion Conference. Will be discussed at the Video Conference set for **2/21/2024 at 12:00 PM** before District Judge Ramon E. Reyes, Jr. All details are in the Court's Order dated 1/23/2024. Ordered by District Judge Ramon E. Reyes, Jr. on 1/30/2024. (AH) (Entered: 01/30/2024) |
| 01/30/2024 | | ORDER granting 40 and 41 Motions for Leave to Electronically File Document under Seal. Counsel is directed to file the original document(s) under seal as a separate entry. Instructions on filing sealed documents on ECF are located at www.nyed.uscourts.gov. Ordered by District Judge Ramon E. Reyes, Jr. on 1/30/2024. (AH) (Entered: 01/30/2024) |
| 01/30/2024 | 42 | MOTION for pre motion conference re Order on Motion for Leave to Electronically File Document under Seal,,,,, *Response to Cadaret's Letter Requesting Pre-Motion Conference and Local Civil Rule 56.1 Statement* by Great American Insurance Company. (Attachments: # 1 Response to Cadaret's Local Civil Rule 56.1 Statement) (Graziano, Michael) (Entered: 01/30/2024) |
| 01/30/2024 | 43 | RULE 56.1 STATEMENT *Response to GAICs Local Rule 56.1 Statement and Statement of Additional Undisputed Material Facts* filed by Cadaret, Grant & Co., Inc.. (Attachments: # 1 Exhibit 1 - 2020.05.22 Letter enclosing Fourth Interim Proof of Loss, # 2 Exhibit 2 - Relevant Pages of J. Anderson Deposition Transcript, # 3 Exhibit 3 - Relevant Pages of D. Jaynes Deposition Transcript, # 4 Exhibit 4 - Relevant Pages of D. Taylor Deposition Transcript, # 5 Exhibit 5 - Relevant Pages of S. Cohen Deposition Transcript, # 6 Exhibit 6 - Pagartanis Abramovich Answer, # 7 Exhibit 7 - Letter to Pagartanis in RR File, # 8 Exhibit 8 - Relevant Pages of J. Szary Deposition Transcript) (Ellison, John) (Entered: 01/30/2024) |
| 01/31/2024 | | ORDER granting 42 Motion for Pre Motion Conference. Will be discussed at the Video Conference set for **2/21/2024 at 12:00 PM** before District Judge Ramon E. Reyes, Jr. All details are in the Court's Order dated 1/23/2024. Ordered by District Judge Ramon E. Reyes, Jr. on 1/31/2024. (AH) (Entered: 01/31/2024) |

| 02/21/2024 | 44 | Minute Entry for Video Premotion Hearing proceedings held on 2/21/2024 before District Judge Ramon E. Reyes, Jr: Case called. Discussion held. Parties may proceed with making their motions for summary judgment. The Court set the following schedule: Plaintiff's motion to be served on Defendant by 3/22/2024; Defendants opposition and motion to be served on Plaintiff by 4/19/2022; Plaintiff's opposition and reply to be served by 5/03/2024; Defendant's reply to be served and bundled motion to be filed by 5/17/2024. Contact the E.S.R., Dept. at (718) 613-2590 to order the transcript. (FTR Log #RER Webex Audio.) (ENE) (Entered: 02/22/2024) |
|---|---|---|
| 03/22/2024 | 45 | Letter *Cover Letter to GAIC re Service of Motion for Summary Judgment per Judge Reyes' Individual Rules* by Cadaret, Grant & Co., Inc. (Ellison, John) (Entered: 03/22/2024) |
| 04/19/2024 | 46 | Letter *Cover Letter to Counsel for Plaintiff Serving (1) Defendant's Notice of Cross-Motion for Summary Judgment; and (2) Defendant's Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment and in Support of Defendant's Cross-Motion for Summary Judgment* by Great American Insurance Company (Graziano, Michael) (Entered: 04/19/2024) |
| 05/03/2024 | 47 | Letter *Cover Letter to GAIC re Service of Opposition to GAICs Cross-Motion for Summary Judgment and Reply in support of its Motion for Partial Summary Judgment per Judge Reyes' Individual Rules* by Cadaret, Grant & Co., Inc. (Ellison, John) (Entered: 05/03/2024) |
| 05/17/2024 | 48 | Letter MOTION for Leave to Electronically File Document under Seal *Unopposed* by Great American Insurance Company. (Attachments: # 1 Exhibit I-1 - Abramovich Statement of Claim, # 2 Exhibit I-2 - Cadaret's Answer to Abramovich Statement of Claim, # 3 Exhibit I-3 - February 12, 2019, Letter, # 4 Exhibit I-6 - Abramovich Settlement Agreement, # 5 Exhibit I-10 - Cadaret's Answer to Rothschild Statement of Claim, # 6 Exhibit I-16 - Cadaret's Answer to Zagaro Statement of Claim, # 7 Exhibit I-33 - Cadaret's Answer to Gucwa Statement of Claim, # 8 Exhibit I-62 - Cadaret's First Proof of Loss, # 9 Exhibit I-63 - Cadaret's Second Proof of Loss, # 10 Exhibit I-64 - Cadaret's Third Proof of Loss, # 11 Exhibit I-65 - Cadaret's Fourth Proof of Loss, # 12 Exhibit I-C - Excerpts from Cohen Deposition) (Graziano, Michael) (Entered: 05/17/2024) |
| 05/17/2024 | 49 | Letter MOTION for Leave to Electronically File Document under Seal by Cadaret, Grant & Co., Inc.. (Attachments: # 1 Memorandum in Support Memorandum of Law in Support of Plaintiffs Motion for Partial Summary Judgment, # 2 Exhibit 9 to March 22, 2024 J. Ellison Declaration, # 3 Exhibit 10 to March 22, 2024 J. Ellison Declaration) (Ellison, John) (Entered: 05/17/2024) |
| 05/17/2024 | 50 | Notice of MOTION for Partial Summary Judgment by Cadaret, Grant & Co., Inc.. (Ellison, John) (Entered: 05/17/2024) |
| 05/17/2024 | 51 | Cadaret's Memorandum of Law in Support of Motion for Partial Summary Judgment by Cadaret, Grant & Co., Inc.. (Attachments: # 1 Rule 56.1 Statement, # 2 Declaration of J. Ellison in support of MPSJ, # 3 Exhibit A - Relevant Pages of D. Taylor Deposition Transcript, # 4 Exhibit B - Bond (Bates Stamped), # 5 Exhibit C - Relevant Pages of Form U4, # 6 Exhibit D - Relevant Pages of J. Szary Deposition Transcript, # 7 Exhibit E - Relevant Pages of S. Cohen Deposition Transcript [PUBLIC COPY - Redacted], # 8 Exhibit F - Guilty Plea Transcript (SC Ex. 43), # 9 Exhibit G - Pagartanis Indictment - bates stamped, # 10 Exhibit H - Sentencing Memorandum, # 11 Exhibit I - Cadarets Answer to the Sieglinde Rothschild FINRA Statement of Claim, # 12 Exhibit J - Demand letters to Cadaret dated March 25, 2018, # 13 Exhibit K - Relevant excerpts of the September 8, 2023 Deposition Transcript of Donald Jaynes, # 14 Exhibit L - Complaint Ex. B (List of Client Claims), # 15 Exhibit M - Sieglinde Rothschild Amended FINRA Statement of Claim, # 16 Exhibit N - Demand letter to Cadaret dated June 5, 2018, # 17 |

| | | |
|---|---|---|
| | | Exhibit O - Demand letter to Cadaret dated December 17, 2018, # 18 Exhibit P - Mitchell Freedman FINRA Statement of Claim, # 19 Exhibit Q - Audrey Lodato FINRA Statement of Claim, # 20 Exhibit R - Mary Melchionna FINRA Statement of Claim, # 21 Exhibit S - Sieglinde Rothschild Letter dated January 2, 2019, # 22 Exhibit T - Susino et al. Letter dated January 2, 2019, # 23 Exhibit U - Dragone/Gentzel Letter dated January 15, 2019, # 24 Exhibit V - Janet Zagaro Letter dated March 5, 2019, # 25 Exhibit W - Janice Gucwa Letter dated April 1, 2019, # 26 Exhibit X - Maggio Letter dated May 21, 2019, # 27 Exhibit Y - Mitchell Freedman Letter dated March 11, 2020, # 28 Exhibit Z - Audrey Lodato Letter dated July 20, 2021, # 29 Exhibit AA - Mary Melchionna Letter dated August 13, 2021, # 30 Exhibit BB - Cadarets letter to GAIC dated April 18, 2018, # 31 Exhibit CC - Suffolk County Grand Jury Subpoena dated March 7, 2018, # 32 Exhibit DD - Suffolk County Grand Jury Subpoena dated March 27, 2018, # 33 Exhibit EE - Cadarets Interim Proof of Loss submitted to GAIC on April 8, 2019, # 34 Exhibit FF - Cadarets Second Interim Proof of Loss, # 35 Exhibit GG - Cadarets Third Interim Proof of Loss, # 36 Exhibit HH - Cadarets Fourth Interim Proof of Loss, # 37 Exhibit 1 - Letter dated May 22, 2020, enclosing Cadarets Fourth Interim Proof of Loss form and exhibits, # 38 Exhibit 2 - Relevant excerpts of the September 13, 2023 Deposition Transcript of Joseph Anderson, # 39 Exhibit 3 - Relevant excerpts of the September 8, 2023 Deposition Transcript of Donald Jaynes, # 40 Exhibit 4 - Relevant excerpts of the September 1, 2023 Deposition Transcript of Donald Taylor, # 41 Exhibit 5 - Relevant excerpts of the August 29, 2023 Deposition Transcript of Samuel Cohen, # 42 Exhibit 6 - Steven Pagartanis Answer to the Jennifer Abramovich FINRA Statement of Claim, # 43 Exhibit 7 - Letter from Cadaret to Steven Pagartanis, # 44 Exhibit 8 - Relevant excerpts of the September 14, 2023 Deposition Transcript of Joseph Szary, # 45 Exhibit 9 - Cadarets Answer to the Janet Zagaro FINRA Statement of Claim, # 46 Exhibit 10 - Jennifer Abramovich FINRA Statement of Claim) (Ellison, John) Modified on 3/28/2025 to correct text and removed MOTION for Partial Summary Judgment (MV). (Entered: 05/17/2024) |
| 05/17/2024 | 52 | MOTION for Summary Judgment *of Great American Insurance Company* by Cadaret, Grant & Co., Inc.. (Attachments: # 1 Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment and in Support of Defendant's Cross-Motion for Summary Judgment, # 2 Rule 56.1 Statement, # 3 Declaration GAIC Exhibit I - Declaration of Michael Graziano, # 4 Exhibit GAIC Exhibit I-1 - Abramovich SOC, # 5 Exhibit GAIC Exhibit I-2 - Cadaret's Answer to Abramovich SOC, # 6 Exhibit GAIC Exhibit I-3 - 2.12.2019 Letter, # 7 Exhibit GAIC Exhibit I-6 - Abramovich Settlement Agreement, # 8 Exhibit GAIC Exhibit I-8 - FINRA AWC Letter, # 9 Exhibit GAIC Exhibit I-10 - Cadaret's Answer to Rothschild SOC, # 10 Exhibit GAIC Exhibit I-16 - Cadaret's Answer to Zagaro SOC, # 11 Exhibit GAIC Exhibit I-33 - Cadaret's Answer to Gucwa SOC, # 12 Exhibit GAIC Exhibit I-54 - 8.25.2015 Pagartanis Person Report (REDACTED), # 13 Exhibit GAIC Exhibit I-62 - Cadaret's First Proof of Loss, # 14 Exhibit GAIC Exhibit I-63 - Cadaret's Second Proof of Loss, # 15 Exhibit GAIC Exhibit I-64 - Cadaret's Third Proof of Loss, # 16 Exhibit GAIC Exhibit I-65 - Cadaret's Fourth Proof of Loss, # 17 Exhibit GAIC Exhibit I-A - Bond Excerpts, # 18 Exhibit GAIC Exhibit I-B - Taylor Dep Excerpts, # 19 Exhibit GAIC Exhibit I-C - Cohen Dep Excerpts (REDACTED), # 20 Exhibit GAIC Exhibit I-D - Public Records for Sonesta, # 21 Exhibit GAIC Exhibit I-E - 4.18.2018 Notice of Claim, # 22 Exhibit GAIC Exhibit I-F - 2.23.2018 Claim Acknowledgment Letter, # 23 Exhibit GAIC Exhibit I-G - Cadaret's Interrogatory Answers) (Ellison, John) (Entered: 05/17/2024) |
| 05/17/2024 | 53 | MEMORANDUM in Opposition re 52 MOTION for Summary Judgment *of Great American Insurance Company* filed by Cadaret, Grant & Co., Inc.. (Attachments: # 1 Rule 56.1 Statement Cadaret Response to GAIC's Rule 56.1 Statement and Additional Statement of Additional Undisputed Material Facts, # 2 Declaration of J. Ellison in support of Cadaret Opposition to GAIC's MSJ and Reply, # 3 Exhibit 11 - Relevant excerpt of the |

| | | September 14, 2023 Deposition Transcript of Joseph Szary) (Ellison, John) (Entered: 05/17/2024) |
|---|---|---|
| 05/17/2024 | 54 | REPLY in Support re 52 MOTION for Summary Judgment *of Great American Insurance Company* filed by Cadaret, Grant & Co., Inc.. (Attachments: # 1 Exhibit GAIC Exhibit II - Fidelity and Crime Through the Ages, # 2 Exhibit GAIC Exhibit III - Compensability of Third-Party Losses Under Fidelity Bonds, # 3 Exhibit GAIC Exhibit IV - Third-Party Claims and Losses, # 4 Exhibit GAIC Exhibit V - Handling Fidelity Bond Claims) (Ellison, John) (Entered: 05/17/2024) |
| 05/17/2024 | 55 | NOTICE by Cadaret, Grant & Co., Inc. *Notice of Withdrawal of Appearance* (Jannuzzi, Miranda) (Entered: 05/17/2024) |
| 05/20/2024 | | ORDER granting 48 Motion for Leave to Electronically File Document under Seal Counsel is directed to file the original document under seal as a separate entry. Instructions on filing sealed documents on ECF are located at www.nyed.uscourts.gov. Ordered by Judge Ramon E. Reyes, Jr. on 5/20/2024. (AH) (Entered: 05/20/2024) |
| 05/20/2024 | | ORDER granting 49 Motion for Leave to Electronically File Document under Seal Counsel is directed to file the original document under seal as a separate entry. Instructions on filing sealed documents on ECF are located at www.nyed.uscourts.gov. Ordered by Judge Ramon E. Reyes, Jr. on 5/20/2024. (AH) (Entered: 05/20/2024) |
| 05/20/2024 | 56 | DECLARATION re Order on Motion for Leave to Electronically File Document under Seal, by Great American Insurance Company (Attachments: # 1 Exhibit I-1 - Abramovich Statement of Claim, # 2 Exhibit I-2 - Cadaret's Answer to Abramovich Statement of Claim, # 3 Exhibit I-3 - February 12, 2019, Letter, # 4 Exhibit I-6 - Abramovich Settlement Agreement, # 5 Exhibit I-10 - Cadaret's Answer to Rothschild Statement of Claim, # 6 Exhibit I-16 - Cadaret's Answer to Zagaro Statement of Claim, # 7 Exhibit I-33 - Cadaret's Answer to Gucwa Statement of Claim, # 8 Exhibit I-62 - Cadaret's First Proof of Loss, # 9 Exhibit I-63 - Cadaret's Second Proof of Loss, # 10 Exhibit I-64 - Cadaret's Third Proof of Loss, # 11 Exhibit I-65 - Cadaret's Fourth Proof of Loss, # 12 Exhibit I-C - Excerpts from Cohen Deposition) (Graziano, Michael) (Entered: 05/20/2024) |
| 05/20/2024 | 57 | Memorandum in Support Memorandum of Law in Support of Plaintiffs Motion for Partial Summary Judgment by Cadaret, Grant & Co., Inc.. (Attachments: # 1 Exhibit 9 to March 22, 2024 J. Ellison Declaration, # 2 Exhibit 10 to March 22, 2024 J. Ellison Declaration) (Ellison, John) Modified on 3/28/2025 to remove text MOTION for Partial Summary Judgment (MV). (Entered: 05/20/2024) |
| 05/30/2024 | 58 | NOTICE by Great American Insurance Company re 52 MOTION for Summary Judgment *of Great American Insurance Company Notice of Corrected Slipsheet Previously Filed as ECF No. 52-2* (Attachments: # 1 Exhibit - Replacement Slipsheet for ECF No. 52-2) (Graziano, Michael) (Entered: 05/30/2024) |
| 03/28/2025 | | ORDER Motions terminated, docketed incorrectly: 51 MOTION for Partial Summary Judgment *Cadaret's Memorandum of Law in Support of Motion for Partial Summary Judgment*, and 57 MOTION for Partial Summary Judgment *Memorandum in Support Memorandum of Law in Support of Plaintiffs Motion for Partial Summary Judgment*. These documents are memoranda of law in support of Plaintiff's Motion for Partial Summary Judgment, correctly filed at ECF No. 50 , and are not motions in themselves. Ordered by Judge Ramon E. Reyes, Jr. on 3/28/2025. (EAH) (Entered: 03/28/2025) |
| 09/23/2025 | 59 | MEMORANDUM AND ORDER: For the reasons set forth, GAIC's motion for summary judgment is GRANTED and Cadaret's motion for partial summary judgment is DENIED. The Clerk of Court is respectfully directed to close the case. Ordered by Judge Ramon E. Reyes, Jr on 9/23/2025. (ENE) (Entered: 09/23/2025) |

| 09/23/2025 | 60 | CLERK'S JUDGMENT: that GAIC's motion for summary judgment is granted; and Cadaret's motion for partial summary judgment is denied. Signed by Deputy Clerk, Jalitza Poveda, on behalf of Clerk of Court, Brenna B. Mahoney, on 9/23/2025. (JP) (Entered: 09/23/2025) |
| 10/21/2025 | 61 | NOTICE OF APPEAL as to 59 Order on Motion for Partial Summary Judgment,, Order on Motion for Summary Judgment,, Memorandum & Opinion, 60 Clerk's Judgment, by Cadaret, Grant & Co., Inc.. Filing fee $ 605, receipt number ANYEDC-19554177. (Ellison, John) (Entered: 10/21/2025) |
| 10/21/2025 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 61 Notice of Appeal, Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (VJ) (Entered: 10/21/2025) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/04/2025 13:30:05 | | | |
| **PACER Login:** | reedsmith | **Client Code:** | 390969/60001/010015 |
| **Description:** | Docket Report | **Search Criteria:** | 2:21-cv-06665-RER-AYS |
| **Billable Pages:** | 12 | **Cost:** | 1.20 |

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————

№ 21-CV-6665 (RER) (AYS)

———————————————

CADARET, GRANT & CO., INC.

VERSUS

GREAT AMERICAN INSURANCE COMPANY

———————————————

**MEMORANDUM & ORDER**

———————————————

**RAMÓN E. REYES, JR., District Judge:**

Cadaret, Grant & Co. a securities broker-dealer, brings a breach of contract claim against Great American Insurance Company. Plaintiff seeks monetary damages and declaratory relief for alleged losses resulting from a fraudulent scheme carried out by a Cadaret registered representative that involved Cadaret clients. Before the Court are plaintiff's motion for partial summary judgment, and dsfendant's cross-motion for summary judgment. After carefully reviewing the record, and for the reasons set forth herein, Great American Insurance Company's motion is granted, Cadaret's motion is denied, and the case is dismissed.[1]

———————————————

[1] The Court acknowledges and offers its gratitude to Daniel Ruderman, a judicial intern and law graduate of St. John's School of Law, for his assistance in researching and drafting this memorandum and order.

## BACKGROUND

I.      Factual Background

A.   Relevant Bond Terms and Exclusions

The following facts are not disputed unless otherwise noted. Cadaret, Grant & Co. ("Plaintiff" or "Cadaret"), a securities broker-dealer, purchased Financial Institution Bond No. FS 0196390 07 00 (the "Bond") from Great American Insurance Company ("Defendant" or "GAIC") for the policy period November 1, 2017, to November 1, 2018. (ECF No. 37, Plaintiff's 56.1 Statement of Facts ("Pl.'s 56.1") ¶¶ 1–2). The relevant section, Insuring Agreement A, provides coverage for "[l]oss resulting directly from dishonest or fraudulent acts committed by an employee . . . with the manifest intent: (1) to cause the Insured to sustain such loss; and (2) to obtain an improper financial benefit for the Employee or another person entity." (Pl.'s 56.1 ¶ 4; ECF No. 51-4 ("Fidelity Bond") at 6–7).

Riders to the Bond define "Employee" to include registered representatives, provide a Single Loss Limit of Liability of $5,000,000 with a $50,000 deductible, and provide a limit of liability of $5,000 for Investigative Claims Expenses with a $1,000 deductible. (Pl.'s 56.1 ¶¶ 5–8; Fidelity Bond at 5–6, 25).

Section 11 defines "Covered Property," as "loss of Property (a) owned by the Insured, (b) held by the Insured in any capacity, or (c) owned or held by someone else under circumstances which make the Insured responsible for the Property prior to the occurrence of the loss." (Pl.'s 56.1 ¶ 9; Fidelity Bond at 21). Section 3 provides that "[t]his bond applies to loss first discovered by the Insured during the Bond Period. Discovery occurs when the Insured first becomes aware of facts which would cause a reasonable

person to assume that a loss of a type covered by this bond has been or will be incurred, regardless of when the act or acts causing or contributing to such loss occurred . . . ." (Pl.'s 56.1 ¶ 10; Fidelity Bond at 17).

The Bond contains one relevant exclusion from coverage. Section 2(t) excludes from coverage "damages of any type for which the Insured is legally liable, unless the Insured establishes that the act or acts which gave rise to the damages involved conduct which would have caused a covered loss to the Insured in a similar amount in the absence of such damages." (ECF No. 38-1, Defendant's 56.1 Statement of Facts ("Def.'s 56.1") ¶ 16; Fidelity Bond at 16).

### B. Abramovich's 2015 Notice and 2017 Arbitration Demand

Steven Pagartanis worked as a registered representative licensed to sell securities through Plaintiff and as a Cadaret affiliate, as relevant, between September 2012–March 2017.[2] (ECF No. 1 ("Compl.") ¶¶ 17–18; Pl.'s 56.1 ¶¶ 11–13). Pagartanis was an employee of Plaintiff as defined by the Bond. (*See* Pl.'s 56.1 ¶ 5).

In October 2015, Cadaret received what Defendant characterizes as a "notice of a potential claim," and what Cadaret describes as only a "letter," from counsel for Jennifer Abramovich, one of Pagartanis' clients, regarding her accounts and direct investments. (Def.'s 56.1 ¶¶ 22–23; ECF No. 43 ("Pl.'s 56.1 Resp.") at 11–12 ¶¶ 22–23). In February 2017, Abramovich filed with the Financial Industry Regulation Authority ("FINRA") a statement of claim and demand for arbitration against Cadaret, Pagartanis, and another

---

[2] Pagartanis previously contracted with Cadaret for periods of time between August 2002 and 2011. Pl.'s 56.1 ¶¶ 11–13).

broker-dealer not relevant to this action. (Def.'s 56.1 ¶ 24). Abramovich alleged losses from her Cadaret mutual fund investments, and that Pagartanis transferred funds from her Cadaret brokerage account to her personal checking account and requested that she write checks payable to "SONESTA HOLDINGS" ("Sonesta") and "KINNICO LAND TRUST" ("Kinnico"). [3] (Def.'s 56.1 ¶¶ 25, 26; Pl.'s 56.1 Resp. at 12–14 ¶¶ 25–26). Pagartanis told Abramovich that Sonesta was a boutique hotel chain that would return at least 8% on her investment. (Def.'s 56.1 ¶ 26). Although Pagartanis did not provide written evidence of the existence of either entity, he eventually deposited funds into her accounts. (Def.'s 56.1 ¶¶ 28, 29). However, he refused to provide an accounting of the performance of her investments. (Def.'s 56.1 ¶ 29). At the time of Abramovich's claim, Plaintiff had a comprehensive person report on file dated August 25, 2015, that identified Sonesta as being associated with Pagartanis. (Def.'s 56.1 ¶ 30). Publicly available records on the New York State Department of State's website listed Pagartanis as the CEO and Principal of Sonesta. (Def.'s 56.1 ¶ 31).

Cadaret answered Abramovich's statement of claim in May 2017, stating that the investments in Sonesta and Kinnico "were intentionally concealed from [Cadaret] by Pagartanis." (Def.'s 56.1 ¶¶ 32, 33). It also stated that Pagartanis "intentionally evaded [Cadaret's] detection of his involvement in these investments through deceitful and surreptitious means," that the transactions "were intentionally done off [Cadaret's] books and records by Mr. Pagartanis," and that "Mr. Pagartanis blatantly lied to [Cadaret] about

---

[3] Abramovich's initial investment in Sonesta was a $200,000 check written from her personal account. (Def.'s 56.1 ¶ 25; Pl.'s 56.1 Resp. at 13 ¶ 25).

4

his activities in an effort to conceal his involvement with Kinnico and Sonesta." (Def.'s 56.1 ¶ 33 (emphasis omitted)).

According to Plaintiff, it did not learn of facts indicating that Pagartanis may have stolen from clients until spring 2018. (Pl.'s 56.1 ¶ 24). Plaintiff alleges that Abramovich's 2017 claim was for losses from legitimate mutual fund investments, and although Abramovich also alleged "selling away" activities into Sonesta and Kinnico, Plaintiff alleges those investments were profitable for Abramovich. (Pl.'s 56.1 ¶ 25). GAIC claims that Plaintiff knew that Pagartanis induced Abramovich to invest in the "two sham companies," in May 2017 after Abramovich filed her statement of claim. (ECF 42-1 ("Def.'s 56.1 Resp.") ¶ 24).

C. Actions Against Pagartanis

The SEC filed a civil complaint against Pagartanis in this District on May 30, 2018, alleging that Pagartanis "defrauded at least nine retail investors of approximately $8 million by soliciting and selling them securities using false and misleading statements from 2013 to at least February 2018" in a Ponzi scheme involving a shell company called "Genesis." (Compl. ¶¶ 25, 26, 27, 31); *Sec. & Exch. Comm'n v. Pagartanis*, No. 18-CV-3150 (RRM) (AKT) (E.D.N.Y.) (Dkt. No. 1).

On July 24, 2018, Pagartanis was indicted for securities fraud, conspiracy to commit mail and wire fraud, conspiracy to commit money laundering, engaging in unlawful monetary transactions, money laundering, and wire fraud. (Pl.'s 56.1 ¶ 15); *United States v. Pagartanis*, No. 18-CR-0374 (JMA) (AKT) (E.D.N.Y.) (Dkt. No. 1). On December 10, 2018, Pagartanis pleaded guilty to conspiracy to commit mail and wire fraud. (Pl.'s 56.1 ¶ 16; ECF No. 51-8 ("Plea Tr.") at 33).

Per Cadarets's description of the mechanics of Pagartanis' "Genesis scheme," he convinced clients to: (1) liquidate funds in their Cadaret brokerage accounts, (2) wire funds from their Cadaret brokerage accounts to their personal bank accounts, and (3) write checks from their personal accounts to sham companies controlled by Pagartanis.[4] (Pl.'s 56.1 ¶ 20).

In 2018, Pagartanis handwrote a note to family members stating "[d]o not offer to pay anyone, let the brokers deal with it." (Pl.'s 56.1 ¶ 26 (emphasis omitted)). GAIC disputes the admissibility of the contents of the note as hearsay because Plaintiff references the note by citation to Pagartanis' sentencing memorandum and not the note itself.  (Def.'s 56.1 Resp. at 12–13 ¶ 26).

### D.  Client Claims and Settlements

In spring 2018, nine Cadaret clients filed claims against Cadaret through the FINRA arbitration program and by written complaint seeking to hold Cadaret responsible for losses sustained in Pagartanis' Genesis scheme. (Pl.'s 56.1 ¶¶ 27, 28). None of the claims proceeded to final hearings, and although Cadaret "disputed its legal liability to clients," it settled all nine claims in mediation, paying a total of $3,301,000. (Pl.'s 56.1 ¶¶ 31–34).

Plaintiff provided notice to Defendant in April 2018 of a potential loss under the Bond and then filed its first interim proof of loss in April 2019 for $2,875,000 to settle four

---

[4] Defendant does not dispute that this "accurately describes some of the general allegations" that third parties made against Pagartanis, however, it does dispute these facts to the extent that Plaintiff offers them for the truth of the allegations. (ECF No. 42-1 ("Def.'s 56.1 Resp.") at 7–8 ¶ 20). Defendant argues that Plaintiff's citation to transcripts in the underlying arbitration proceedings with the third parties involved in Pagartanis' scheme do not establish personal knowledge of the underlying facts. (*Id.*).  This distinction does not implicate the Court's decision here.

client claims. (Pl.'s 56.1 ¶¶ 35, 37). Plaintiff then filed three additional proof of loss statements for $103,500, $35,000, and $100,000, respectively, and reported $5,000 in investigative expenses. (Pl.'s 56.1 ¶¶ 38–40). In total, Cadaret submitted interim proofs of loss for a total of $3,118,500.

In April 2021, GAIC denied coverage for the aforementioned losses. (Pl.'s 56.1 ¶ 42).

II.        Procedural History

In December 2021, Plaintiff filed a complaint against Defendant, alleging breach of contract and requesting a declaratory judgment that the losses and all future losses resulting from Pagartanis' scheme are covered under the Bond. (Compl. ¶¶ 50–65). GAIC answered in February 2022, raising several affirmative defenses that the complaint is (1) time-barred; (2) barred by the fortuity/known loss doctrines; (3) barred because Cadaret did not comply with the terms and conditions of the Bond, including timely notice and proof of loss, and the claims are not covered; and (4) barred by the Bond exclusions. (ECF No. 11 ("Ans.") at 9–10). After several extensions to complete discovery, the case was reassigned to the undersigned. Plaintiff and Defendant both filed Local Rule 56.1 Statements in conjunction with their premotion conference letters. (ECF Nos. 37, 38, 39). On May 10, 2024, Cadaret then moved for partial summary judgment on liability. (ECF Nos. 50 ("Pl.'s Mot."); 51 ("Pl.'s Mem."). Defendant opposed and cross-moved for summary judgment on liability and damages. (ECF Nos. 52 ("Def.'s Mot."); 52-1 ("Def.'s Mem.")). Plaintiff opposed Defendant's cross-motion and replied to Defendant's opposition in the same filing. (ECF No. 53 ("Pl.'s Opp.")), and Defendant replied. (ECF No. 54 ("Def.'s Reply")).

## LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if a reasonable jury could find in favor of the nonmoving party. *See Animal Welfare Inst. v. Romero*, 718 F. Supp. 3d 252, 261 (E.D.N.Y. 2024) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)), *aff'd sub nom. Wildlife Preserves, Inc. v. Romero*, No. 24-776-CV, 2025 WL 2423476 (2d Cir. Aug. 22, 2025). The moving party bears the initial burden of showing a lack of genuine dispute of material fact, and if that burden is met, the opponent must present the court with evidence showing the dispute is ripe for trial. *Id.*; *Spinelli v. City of New York*, 579 F.3d 160, 166–67 (2d Cir. 2009). "A party cannot defeat a motion for summary judgment with mere speculation and conclusory assertions." *Nguedi v. FRB of N.Y.*, 813 Fed. Appx 616, 617 (2d Cir. 2020); *accord Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010).

## DISCUSSION

The "interpretation of an insurance agreement is a question of law." *High Point Design, LLC v. LM Ins. Corp.*, 911 F.3d 89, 93 (2d Cir. 2018). Under New York law,[5] "insurance policies are interpreted according to general rules of contract interpretation." *Olin Corp. v. Am. Home. Assur. Co.*, 704 F.3d 89, 98 (2d Cir. 2012). "Where the provisions of the policy are clear and unambiguous, they must be given their plain and ordinary

---

[5] The parties do not dispute that New York law applies. *See Wausau Bus. Ins. Co. v. Horizon Admin. Servs. LLC*, 803 F. Supp. 2d 209, 214 (E.D.N.Y. 2011).

8

meaning, and courts should refrain from rewriting the agreement." *U.S. Fid. & Guar. Co. v. Annunziata,* 67 N.Y.2d 229, 232 (1986).

Cadaret's third-party losses are not a "direct loss" covered by the Bond. Plaintiff's argument that causation was sufficiently direct because Pagartanis' conduct proximately caused the loss is unavailing under New York law. (Pl.'s Mem. at 16). The New York Court of Appeals differentiated a policy indemnifying against liability that "obligate[s] the insurer to discharge an obligation owed by the insured to another arising from some act of the insured," and employee dishonesty coverage in a fidelity bond where "the insurance is against the loss of property, owned by or belonging to the insured or others, through employee dishonesty." *175 E. 74th Corp. v. Hartford Acc. & Indem. Co.*, 51 N.Y.2d 585, 592–93 (1980) (citation modified). Under employee dishonesty coverage of a fidelity bond, "the policy insures only against loss to the insured sustained through the dishonesty of its employees.  It does not contemplate . . . the assertion of a third-party claim." *Id.* at 592. The Bond at issue here indemnifies Plaintiff for "[l]oss resulting *directly* from dishonest or fraudulent acts committed by an employee" and falls into the latter policy contemplated by *175 E. 74th Corp.* (Pl.'s 56.1 ¶ 4 (emphasis added); *see also* Fidelity Bond at 6).

"[D]irect loss" language in fidelity bonds precludes coverage for losses resulting from liability for third-party settlements.[6] *Aetna Cas. & Sur. Co. v. Kidder, Peabody & Co.*

---

[6] The Fifth, Seventh, and Ninth Circuits also follow this principle. *Lynch Props. v. Potomac Ins. Co.,* 140 F.3d 622, 629 (5th Cir. 1998) ("Although employee dishonesty policies may cover the loss of third-party property in the possession of the insured, these policies do not serve as liability insurance to protect employers against tortious acts committed against third-parties by their employees."); *see Universal Mortg. Corp. v. Württembergische Versicherung AG*, 651 F.3d 759, 762 n.1 (7th Cir. 2011) ("Insurance covers the liability of the insureds to a third-party, while fidelity bonding covers the loss of property owned by the

*Inc.*, 246 A.D.2d 202, 210 (1st Dept 1998) ("[T]he putative loss to Kidder arises in part from a settlement with third parties, but the settlement was not the direct result of the employee's dishonest conduct; the employee's dishonesty only caused pricing irregularities in the stock, which, themselves, caused losses to the customers, which then led to litigation concluding in settlement."); *but see F.D.I.C. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 205 F.3d 66, 76 (2d Cir. 2000) (distinguishing *Kidder* where the bank's loss resulted from an unpaid loan it would not have issued in the absence of fraud committed by the bank's employee).

In *Kidder*, although the court noted that "direct loss for insurance purposes has been analogized with proximate cause," it declined to extend coverage to settlements with third parties, reasoning that to do so "would create the potential for almost any loss, not initially direct to the insureds, to become a direct loss, a subterfuge that would render the exclusion in this case clearly meaningless." *Kidder, Peabody & Co. Inc.*, 246 A.D.2d at 209–10.

Here, as in *Kidder*, Cadaret's loss (third-party settlements) due to Pagartanis' scheme that embezzled customer's funds from their personal bank accounts is not a direct loss under the Bond. *Id.* ("[T]he insureds' replacement of funds embezzled by the employee from a customer's separate personal bank account maintained by another institution was not a direct loss to the insureds."); *see Drexel Burnham Lambert Grp., Inc.*

---

insureds or held by the insured, as a consequence of employee dishonesty."); *see also Vons Companies, Inc. v. Federal Ins. Co.*, 212 F.3d 489, 491 (9th Cir. 2000) ("Under the insuring clauses, [Plaintiff] is covered only for direct losses to [Plaintiff] caused by its employee's dishonesty, not for vicarious liability for losses suffered by others arising from its employee's tortious conduct.").

*v. Vigilant Ins. Co.*, 595 N.Y.S.2d 999, 1007 (N.Y. Sup. Ct., N.Y. Cnty. 1993) ("The insurance policies here involved are fidelity blanket bonds, not liability insurance policies. They do not purport to defend and indemnify the assured every time a claim is made against it because it may be responsible to others for the acts of its employees. The loss covered is the loss to the insured, not the losses sustained by the outside world.").

Plaintiff's reliance on *New Hampshire Ins. Co. v. MF Glob., Inc.*, 108 A.D.3d 463, 970 N.Y.S.2d 16 (1st Dept 2013) to support its argument that the "loss is 'direct' because it was proximately caused by Pagartanis' conduct" is unconvincing. (Pl.'s Mem. at 11). In *MF Global*, the court reasoned that the employee's unauthorized trades beyond his margin account were a direct cause of MF Global's loss. *MF Global*, 108 A.D.3d at 466. ("[The broker's] trading activity resulted in a near instantaneous shortfall for which MF Global, as a clearing member, was automatically and directly responsible."). As a broker and clearing member of the Chicago Mercantile Exchange ("CME"), MF Global assumed complete responsibility for the financial obligations of CME trades made by individual traders and had to settle with the CME Clearing House all losses on trades made through MF Global. *Id.* at 464. There, the non-party broker traded commodities futures from his personal trading account using MF Global's trading system and entered into a large number of sell contracts that exceeded his margin credit. *Id.* at 465. The next day the broker liquidated his positions, which sustained a loss of over $141 million. *Id.* As a result, MF Global transferred approximately $150 million to settle the loss with the CME Clearing House. *Id.*

There, the court distinguished *Kidder* as involving a "protracted causal chain" between the employee's dishonest conduct, "which caused pricing irregularities in the

11

stock, which led to losses to investors, which led to litigation, which concluded in a settlement years after the employee's misconduct," from MF Global's payment to the CME that was "not a third-party loss for which MF Global is liable, but rather a direct loss to MF Global under the bonds." *Id.* at 466–67. Here, the causal chain is similarly protracted as the causal chain in *Kidder*—Pagartanis' conduct led to clients withdrawing funds from Plaintiff to their personal checking accounts, transferring those funds to entities Pagartanis controlled, which led to losses to clients, which led to mediation, which concluded in settlements Cadaret paid years after Pagartanis' conduct. Thus, Plaintiff's third-party loss is not a "direct loss" contemplated by or covered under the Bond.

Cadaret's reliance on *First Defiance Financial Corp. v. Progressive Cas. Ins. Co.*, 688 F.3d 265 (6th Cir. 2012) in support of its argument that the money Pagartanis took from clients' personal bank accounts constituted covered property under section 11(c) likewise falls short. The plaintiff's Fidelity Bond in that case included the same covered property term as section 11(c). (Fidelity Bond at 21 (covered property includes "loss of Property owned or held by someone else under circumstances which make the Insured responsible for the Property prior to the occurrence of the loss.")); *First Defiance*, 688 F.3d at 268 (same). In *First Defiance*, a registered representative transferred client assets that were held in a custodian bank's "individual accounts accessible only to First Defiance's investment advisors" into his own bank account. *First Defiance*, 688 F.3d at 267. The Sixth Circuit reasoned that at the time of the theft the client funds were "owned and held by" the custodian bank under the terms of the bond because the custodian bank "owned the assets and held them for First Defiance's clients." *Id.* at 268. First Defiance

was "responsible" under the bond for these discretionary accounts because First Defiance "had authority over them . . . [and] owed a fiduciary duty to their clients." *Id.*

The matter before this Court differs in two important respects. First, the client funds were held in clients' personal bank accounts at the time of the theft, not in any entity connected to Cadaret or accessible by Cadaret's advisors, including Pagartanis. Second, although Plaintiff owed a fiduciary duty to clients with assets in Cadaret accounts, Plaintiff was not responsible for the funds once they were withdrawn from Cadaret's accounts. In fact, in Plaintiff's own undisputed words, "[i]t could not have been more clear to [the claimants] that Cadaret had nothing to do with" the clients' investments in Pagartanis' scheme. (Def.'s 56.1 ¶ 62; Pl.'s Resp. at 29 ¶ 62).

Further, the express language of exclusion section 2(t) excludes coverage for "damages of any type for which the Insured is legally liable, unless the Insured establishes that the act or acts which gave rise to the damages involved conduct which would have caused a covered loss to the Insured in a similar amount in the absence of such damages." (Def.'s 56.1 ¶ 16). This language reinforces the intention of the Bond that only Plaintiff's direct losses would be covered by expressly excluding coverage for indirect losses due to legal liability similar to the one at issue here, payment of settlements to third parties in anticipation of potential legal liability.

Cadaret's argument that section 2(t)'s exclusion does not bar its claim because it would have sustained the same loss had it reimbursed clients absent the settlements misinterprets the Bond language. (Pl.'s Opp. at 17). The exception to the exclusion concerns conduct that would have caused a covered loss absent legal liability, not whether Cadaret would have paid the same cost if it had reimbursed the clients involved

13

in the scheme absent the threat of legal liability. Plaintiff would need to establish that Pagartanis' theft of personal client funds constitutes a covered loss under the Bond absent the settlement payment, something it cannot do under New York's interpretation of "direct loss" fidelity bond coverage. As Defendant aptly argues, "[i]n the absence of [third-party] liability . . . [Plaintiff] would not have any loss whatsoever." (Def.'s Reply at 7.)

Accordingly, under the plain and unambiguous terms of the Bond, Plaintiff's settlement payments to clients involved in Pagartanis' scheme do not constitute a direct loss under the Bond.

## CONCLUSION

For the reasons set forth above, GAIC's motion for summary judgment is GRANTED and Cadaret's motion for partial summary judgment is DENIED. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Hon. Ramón E. Reyes, Jr.
Digitally signed by Hon. Ramón E. Reyes, Jr.
Date: 2025.09.23 12:20:38 -04'00'

RAMÓN E. REYES, JR.
United States District Judge

Dated: September 23, 2025
      Brooklyn, New York

# EXHIBIT D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CADARET, GRANT & CO., INC.,

                        Plaintiffs,                  JUDGMENT

       v.

                                           21-CV-6665 (RER) (AYS)

GREAT AMERICAN INSURANCE COMPANY,

                        Defendant.
-----------------------------------------------------------------X

A Memorandum and Order of the Honorable Ramon E. Reyes, United States District

Judge, having been filed on September 23, 2025, granting GAIC's motion for summary

judgment; and dismissing Cadaret's motion for partial summary judgment; it is

ORDERED and ADJUDGED that GAIC's motion for summary judgment is granted; and

Cadaret's motion for partial summary judgment is denied.

Dated:  Brooklyn, New York                    Brenna B. Mahoney
         September 23, 2025              Clerk of Court

                                     By:    */s/Jalitza Poveda*
                                          Deputy Clerk