# 25-2639

## In the United States Court of Appeals

FOR THE SECOND CIRCUIT

CADARET, GRANT & CO., INC.,

*Plaintiff - Appellant*,

v.

GREAT AMERICAN INSURANCE COMPANY,

*Defendant – Appellee.*

On Appeal from the United States District Court for the
Eastern District of New York, No. 21-cv-6665, Hon. Ramón E. Reyes, Jr.

**PLAINTIFF-APPELLANT'S OPPOSITION TO MOTION OF THE SURETY & FIDELITY ASSOCIATION OF AMERICA FOR LEAVE TO FILE A BRIEF AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANT-APPELLEE**

John N. Ellison
REED SMITH LLP
599 Lexington Avenue
22nd Floor
New York, NY 10022
Tel.: (212) 521-5400
Fax: (212) 521-5450
jellison@reedsmith.com

*Counsel for Appellant,*
*Cadaret Grant & Co., Inc.*

US_ACTIVE-211463306.v4-EYKIM-4/7/2026 8:32 PM

Plaintiff-Appellant Cadaret, Grant & Co., Inc. ("Cadaret") respectfully opposes the motion of The Surety & Fidelity Association of America ("SFAA") for leave to file an *amicus curiae* brief ("Motion for Leave") in support of Defendant-Appellee Great American Insurance Company ("GAIC"). The SFAA's proposed brief does not serve the purposes contemplated by Federal Rule of Appellate Procedure 29. Rather than offering the Court unique perspective or specialized insight, the SFAA's proposed brief is an unmistakable advocacy piece that simply duplicates arguments already advanced by GAIC and reflects the obvious financial interest of a trade association whose members stand to benefit from a narrow reading of the Bond's coverage provisions. The motion should be denied.

## ARGUMENT

### I.     LEGAL STANDARD

Federal Rule of Appellate Procedure 29(a) permits a non-party to file an amicus brief only upon a showing that the movant has an interest in the case and that the proposed brief is both relevant and desirable. The rule is designed to ensure that amicus participation assists the Court, rather than simply amplifying one party's position. *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) ("[t]he term 'amicus curiae' means friend of the court, not friend of a party").

While courts generally construe Rule 29 broadly, leave to file an amicus brief should be denied where the proposed brief merely duplicates the arguments of a

party, serves as a vehicle for advocacy by an interested non-party, or otherwise fails to provide a perspective the Court would not already have before it. *See id.* ("[t]he vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse."); *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991) (the role of amicus in litigation is "not to provide a highly partisan account of the facts, but rather to aid the court in resolving doubtful issues of law").

## II. THE SFAA'S PROPOSED BRIEF DOES NOT SATISFY THE REQUIREMENTS OF FEDERAL RULE OF APPELLATE PROCEDURE 29.

The SFAA's motion fails to meet the Rule 29 standard. The SFAA openly acknowledges that it is a trade association whose member companies "write over ninety-eight percent of the fidelity and surety bonds issued in the United States." SFAA Motion for Leave, Dkt. 30.1 at 4-5 ("SFAA Mot."). The SFAA further asserts that its members are financial institution bond insurers, like GAIC, and they cannot profitably insure against "such expanded risks" that would result from the Court adopting Cadaret's position. *Id.* at 5. Thus, it is evident that, far from being a disinterested friend of the Court, the SFAA is effectively a real party-in-interest that has confirmed in its own document that it has a direct financial stake in the outcome of this appeal. The SFAA does not even attempt to disguise that its members are the

insurers who drafted, sell and profit from the type of fidelity bond at issue. Rather than being a "friend of the court," the SFAA is unmistakably a "friend of GAIC." Accordingly, SFAA's Motion for Leave should be denied because granting the SFAA leave to file would effectively afford GAIC two briefs instead of just one, a result not contemplated by Rule 29. *Ryan,* 125 F.3d at 1063.

## III. THE PROPOSED BRIEF IS DUPLICATIVE OF GAIC'S ARGUMENTS AND OFFERS NO UNIQUE PERSPECTIVE.

The Court's need for a*micus* assistance is greatest when the proposed brief raises matters not adequately addressed by the parties. Here, the SFAA's proposed brief adds nothing that GAIC cannot — and has not already — argued. Rather than providing any outside perspective, the SFAA's "summary of argument" for its amicus brief argues that "Cadaret had no control over the claimant's accounts, knowledge of their investments, or involvement in the transactions," "Cadaret voluntarily settled those third-party claims and then sought coverage" from GAIC and "the District Court correctly held that Cadaret did not suffer a loss covered under the Bond." SFAA Proposed Amicus Brief, Dkt, 30.2 at 11-12. This is not the purpose of an *amicus* brief. *Richardson v. Flores*, 979 F.3d 1102, 1106 (5th Cir. 2020) (moving to appear as amicus is proper procedure when movant seeks to "express a unique view offered by neither party").

The SFAA's brief treads the same ground as GAIC's briefing on every material point: it contends that the Bond is a first-party policy and not a liability

policy and argues that Cadaret's settlement payments constitute indirect losses outside the scope of coverage (*compare* Appellee's Brief at 18-34 *with* Proposed Amicus Brief at 5-22). In doing so, both briefs cite to the same New York cases to discuss fidelity coverage; distinguish the *MF Global* decision and cases cited by Cadaret; argue for a "resulting directly from" standard and not a proximate cause standard and explain GAIC's position relating to coverage under FINRA-required financial institution bonds. Each of these arguments is squarely within GAIC's ability to raise and is, in fact, the core of GAIC's defense on appeal.

Where an amicus brief merely parrots the arguments of a party already before the Court, leave to file should be denied. *Ryan,* 125 F.3d at 1063. This is precisely what the SFAA's brief does. It recites the same case law and the same legal arguments advanced by GAIC. Thus, the brief is merely a repetition of GAIC's arguments, and SFAA's Motion for Leave should be denied.

## CONCLUSION

For the foregoing reasons, this Court should deny SFAA's motion for leave to file an amicus curiae brief.

Dated: April 7, 2026                    _/s/ John N. Ellison_

4

## <u>CERTIFICATE OF COMPLIANCE</u>

1. This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 925 words, excluding the parts of the brief exempted from the word limit.

2. This brief complies with the requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a 14-point proportionally-spaced serif font.

Dated:  April 7, 2026       */s/ John N. Ellison*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused the foregoing document to be electronically filed with the Clerk of the Court of the United States Court of Appeals for the Second Circuit by using the appellate CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated:  April 7, 2026                                         */s/ John N. Ellison*

6