**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 25-2639-cv

Motion for: Leave to File a Reply

Caption [use short title]

Set forth below precise, complete statement of relief sought:

The Surety and Fidelity Association of America respectfully moves this Honorable Court for leave to file the attached brief, and for any other relief the Court deems necessary and appropriate.

Cadaret, Grant & Co, Inc.

Plaintiff - Appellant

- v -

Great American Insurance Company

Defendant-Appellee

MOVING PARTY: The Surety and Fidelity Association of America    OPPOSING PARTY: Cadaret, Grant & Co, Inc.

☐ Plaintiff    ☐ Defendant

☐ Appellant/Petitioner    ☐ Appellee/Respondent

MOVING ATTORNEY: Scott L. Schmookler    OPPOSING ATTORNEY: John Ellison

[name of attorney, with firm, address, phone number and e-mail]

Gordon Rees Scully Mansukhani, LLP

One N. Wacker, Ste. 1600, Chicago, IL 60606

sschmookler@grsm.com; 312-980-6779

Reed Smith, LLP

1717 Arch St. #3100, Philadelphia, PA 19103

jellison@reedsmith.com; 215-241-1210

Court- Judge/ Agency appealed from: USDC Eastern District of New York - Judge: Ramon E. Reyes

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
■ Yes  ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed  ■ Opposed  ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ■ Don't Know

Is the oral argument on motion requested?  ☐ Yes  ■ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  ☐ Yes  ■ No  If yes, enter date: _____

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?  ☐ Yes  ■ No
Has this relief been previously sought in this court?  ☐ Yes  ■ No

Requested return date and explanation of emergency: _____

**Signature of Moving Attorney:**

Scott L. Schmookler    Date: 4/3/2026    Service: ■ Electronic  ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

# 25-2639-cv

## United States Court of Appeals
### *for the*
### Second Circuit

CADARET, GRANT & CO., INC.,

*Plaintiff-Appellant,*

– v. –

GREAT AMERICAN INSURANCE COMPANY,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

**MOTION OF THE SURETY & FIDELITY ASSOCIATION OF AMERICA
FOR LEAVE TO FILE A REPLY**

Scott L. Schmookler
GORDON REES SCULLY MANSUKHANI, LLP
One North Wacker, Suite 1600
Chicago, IL 60606
(312) 980-6779
sschmookler@grsm.com

*Attorney for The Surety and Fidelity Association of America*

Pursuant to Federal Rule of Appellate Procedure 29(a)(7), The Surety & Fidelity Association of America ("SFAA") respectfully moves this Court for leave to submit the attached reply in support of its Motion for Leave to file a brief as *amicus curiae.* This motion is accompanied by the SFAA's proposed reply as is required by Fed. R. App. P. 29(a)(7). Appellee Great American Insurance Company and Appellant Cadaret, Grant & Co., Inc. both consent to this motion for leave to file reply.

## ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 29, the SFAA sought leave to file a brief as *amicus curiae* in order to offer a unique perspective and specialized insight into the financial institution bond at issue in this case, and provide perspective on the devastating impacts Appellant's positions will have on the industry. Appellant opposes that motion and in doing so, misconstrues why the SFAA satisfies Federal Rule of Appellate Procedure 29. The SFAA would therefore appreciate the opportunity to submit a short supply addressing Appellant's arguments and explaining the flaws therein.

## CONCLUSION

For the above reasons, the Surety and Fidelity Association of America respectfully moves this Honorable Court for leave to file the attached brief, and for any other relief the Court deems necessary and appropriate.

Dated: April 14, 2026

GORDON REES SCULLY
MANSUKHANI, LLP


By: */s/Scott L. Schmookler*
 Scott L. Schmookler
 GORDON REES SCULLY
 MANSUKHANI, LLP
 One North Wacker, Suite 1600
 Chicago, IL 60606
 (312) 980-6779
 *Attorney for the Surety and Fidelity*
 *Association of America*

## CERTIFICATE OF SERVICE

This brief has been submitted through the Appellate Electronic Filing System and has been served electronically on the pertinent parties and/or counsel of record.

Dated: April 14, 2026

GORDON REES SCULLY MANSUKHANI, LLP


By: */s/Scott L. Schmookler*
Scott L. Schmookler
GORDON REES SCULLY MANSUKHANI, LLP
One North Wacker, Suite 1600
Chicago, IL 60606
(312) 980-6779
*Attorney for the Surety and Fidelity Association of America*

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Fed. R. App. P. 27(E) and the type-style requirements therein because this document has been prepared in a proportionally spaced typeface using Microsoft Word with 14 characters per inch and Times New Roman.

Dated: April 14, 2026

GORDON REES SCULLY
MANSUKHANI, LLP


By: */s/Scott L. Schmookler*
    Scott L. Schmookler
    GORDON REES SCULLY
    MANSUKHANI, LLP
    One North Wacker, Suite 1600
    Chicago, IL 60606
    (312) 980-6779
    *Attorney for the Surety and Fidelity*
    *Association of America*

# 25-2639-cv

## United States Court of Appeals

*for the*

## Second Circuit

CADARET, GRANT & CO., INC.,

*Plaintiff-Appellant,*

– v. –

GREAT AMERICAN INSURANCE COMPANY,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

**THE SURETY & FIDELITY ASSOCIATION OF AMERICA'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A BRIEF AS *AMICUS CURIAE***

Scott L. Schmookler
GORDON REES SCULLY MANSUKHANI, LLP
One North Wacker, Suite 1600
Chicago, IL 60606
(312) 980-6779
sschmookler@grsm.com
*Attorney for The Surety and Fidelity Association of America*

## SUMMARY OF ARGUMENT

Cadaret, Grant & Co., Inc.'s ("Cadaret") opposition to allowing The Surety & Fidelity Association of America ("SFAA") to file an amicus curiae brief misstates SFAA's proposed brief.  As detailed below, SFAA's proposed brief satisfies Federal Rule of Appellate Procedure 29, offers a unique perspective and specialized insight into the dispute, and provides perspective on the potential devastating impacts Cadaret's positions will have on the industry. Therefore, SFAA's motion for leave to file a brief as *amicus curiae* should be granted.

## ARGUMENT

**I. SFAA'S MOTION SATISFIES FEDERAL RULE OF APPELLATE PROCEDURE 29.**

Founded in 1908, SFAA is a nonprofit, nonpartisan trade association that collaborates with other trade associations (including, by way of example, the American Bankers Association) on the joint drafting of standard-form financial institution bonds.  SFAA's industry-wide perspective extends beyond any party's individual interests and addresses broader implications for the standardized bond language and industry practices that individual litigants may not fully address. Because of that perspective, courts have routinely granted SFAA leave to file briefs as *amici curiae*.  *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Camp.*, 507 U.S. 952, 113 S. CT. 1366, 122 L. Ed. 2d 744 (1993); *Aqua Star (USA) Corp. v. Travelers Casualty and Surety Company of America*, 719 F. App'x  (9th Cir. 2018); *Guarantee*

1

*Co. of North America, USA v. Ikhana, LLC*, 959 F.3d 1354 (Fed. Cir. 2020); *Argonaut Ins. Co. v. Falcon V, L.L.C.,* No. CV 20-00702-BAJ-SDJ, 2021 WL 4486336, at *5 (M.D. La. Sept. 30, 2021).

Despite precedent recognizing that SFAA's expertise makes it uniquely positioned to provide the Court with specialized knowledge about bonds, Cadaret challenges this motion on the false notion that SFAA is not "disinterested" in this dispute. Contrary to Cadaret's suggestion an "amici need not be completely disinterested in the outcome of the litigation" to provide those perspectives. *C & A Carbone, Inc.*, No. 08-CV-6459-ER, 2014 WL 1202699, at *4 (S.D.N.Y. Mar. 24, 2014). The requirement that an amicus must be impartial "became outdated long ago." *Neonatology Assocs., P.A. v. Comm'r Internal Revenue*, 293 F.3d 128, 131 (3d Cir. 2002). Courts have permitted third parties to submit *amicus* briefs when they "are of aid to the court and offer insights not available from the parties," *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 (S.D.N.Y. 1994), and when they have "relevant expertise and a stated concern for the issues at stake in [the] case." *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011).

Contrary to Cadaret's suggestion, SFAA has no financial interest in this case. Instead, it sought to file a brief as *amicus curiae* because the dispute involves the interpretation of a standard form financial institution bond. SFAA, in combination with the American Bankers Association, jointly drafted that bond. Because the Bond

2

is used by SFAA's members, SFAA (as a representative of its members) seeks to provide the Court with historical background and perspective on the bond. This information is designed to assist the Court's understanding of complex issues and amply satisfies Federal Rule of Appellate Procedure 29. *Kistler v. Stanley Black & Decker, Inc.*, No. 3:22-cv-966 (SRU), 2023 WL 1827734 at *1-2 (D. Conn., Jan. 25, 2023) (granting motions to file amicus briefs by trade associations because they provided an industry perspective beyond what the individual parties' could offer); *In re Enron Corp.*, 379 B.R. 425, 430-31 (S.D. NY 2007) (court granted requests from multiple industry associations to file amicus briefs because they provided specialized knowledge about financial instruments and market practices); *Skandia America Reinsurance Corp. v. Schenck*, 441 F. Supp. 715, 718 (S.D.N.Y 1977) (court granted a trade association of reinsurance companies leave to file an amicus brief in light of complex insurance issues).

## II. WHILE THERE MAY BE OVERLAP IN LEGAL ARGUMENTS, SFAA BRINGS A UNIQUE INDUSTRY WIDE PERSPECTIVE.

SFAA seeks to provide historical context on bonds, insights into how courts' interpretations of bond language affect the broader insurance ecosystem and the impact of Cadaret's arguments on the ecosystem. Cadaret does not dispute SFAA's unique role as a co-drafter, but opposes SFAA's motion on the false suggestion that SFAA seeks to repeat arguments GAIC already offered in its opposition brief. That is simply untrue.

SFAA acknowledges and agrees that an amicus brief should not be a proxy brief for a party. To that end, the discussion and argument contained in its proposed brief are distinct from, and only minimally overlap with, those in the opening brief of GAIC. This is the result of a conscious effort by counsel for the SFAA's counsel to avoid duplication, based on a careful review of the opening brief of GAIC. That said, SFAA's brief represents an effort undertaken independent of the GAIC and solely reflects the work of SFAA's counsel.

Unlike GAIC's brief (which focuses on this specific dispute), SFAA brings a unique industry-wide perspective on how financial institution bonds function across the market, not just in this specific case. To that end, SFAA limited its brief to the historical development of the Bond and the direct causation standard, and why Cadaret's appeal misconstrues the nature, purpose, and terms of the Bond. SFAA's participation does not unfairly advantage GAIC or disadvantage Cadaret, but offers the Court valuable information about how these specialized financial instruments operate in practice. This industry-wide perspective differs from GAIC's necessarily case-specific arguments.

SFAA seeks to provide historical context on bonds, insights into how courts' interpretations of bond language affect the broader insurance ecosystem and the impact of Cadaret's arguments on the ecosystem. While Cadaret may disagree with that conclusion, it can amply explain its disagreement in its reply brief. But, FRAP

29 does not prohibit amicus briefs that happen to align with a party's position when they offer additional perspective or expertise. The Court routinely manages amicus participation without prejudice to either party, and can appropriately weigh SFAA's arguments based on their merit. The amicus brief serves the Court's interest in fully understanding the implications of its ruling on standardized financial instruments that affect the broader market.

## CONCLUSION

For the foregoing reasons, this Court should accept SFAA's motion for leave to file an amicus curiae brief.

Dated: April 14, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/Scott L. Schmookler*
Scott L. Schmookler
GORDON REES SCULLY
MANSUKHANI, LLP
One North Wacker, Suite 1600
Chicago, IL 60606
(312) 980-6779
*Attorney for the Surety and Fidelity Association of America*

5

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word with 14 characters per inch and Times New Roman.

Dated: April 14, 2026                         GORDON REES SCULLY
                                              MANSUKHANI, LLP


                                    By: */s/Scott L. Schmookler*
                                         Scott L. Schmookler
                                         GORDON REES SCULLY
                                         MANSUKHANI, LLP
                                         One North Wacker, Suite 1600
                                         Chicago, IL 60606
                                         (312) 980-6779
                                         *Attorney for the Surety and Fidelity*
                                         *Association of America*

6

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be filed electronically with the Clerk of the Court for the U.S. Court of Appeals for the Second Circuit by using the ACMS system. All participants are registered e-filing users and will be served by the e-filing system.

Dated: April 14, 2026

GORDON REES SCULLY MANSUKHANI, LLP


By: */s/Scott L. Schmookler*
Scott L. Schmookler
GORDON REES SCULLY
MANSUKHANI, LLP
One North Wacker, Suite 1600
Chicago, IL 60606
(312) 980-6779
*Attorney for the Surety and Fidelity Association of America*

7